CITY OF SAN ANTONIO'S FIREMEN'S
AND POLICEMEN'S CIVIL SERVICE
COMMISSION, Appellants,

v.

Robert W. LOTT, Appellee.

No. 16682.

Court of Appeals of Texas,
San Antonio.

Dec. 30, 1981.

Rehearing Denied Feb. 24, 1982.

Crawford B. Reeder, Asst. City Atty., San
Antonio, for appellants.

Mayo Galindo, San Antonio, for appellee.

Before KLINGEMAN, CLARK and BAS-
KIN, JJ.

OPINION

KLINGEMAN, Justice.

This is an appeal by the City of San
Antonio's Firemen's and Policemen's Civil
Service Commission (City) from a summary
judgment restoring Robert W. Lott (Lott)
to his former classified position as sergeant
in the San Antonio Police Department, re-
imbursing him for all of his lost back pay,
granting him recovery of all other statutory
benefits lost as a result of his suspension,
and awarding him attorney's fees.

Previous to March 26, 1980, Robert W.
Lott, appellee, was a duly appointed and
enrolled sergeant in the San Antonio Police
Department. On that date Lott was
charged with violation of the Civil Service
Rules of the City of San Antonio and indef-
initely suspended pursuant to Tex.Rev.Civ.
Stat.Ann. art. 1269m, § 16 (Vernon 1963).
Complying with article 1269m, section 16
procedures, Lott appealed to the Firemen's
and Policemen's Civil Service Commission,
appellant herein. The Commission found
appellee guilty of the charged offense and
ordered appellee to be removed and dis-
missed from the police department.

Following the provisions of Tex.Rev.Civ.
Stat.Ann. art. 1269m, § 18 (Vernon 1963),
Lott filed suit in Bexar County District
Court attacking the article 1269m proceed-
ings. The Commission answered with a
general denial and prayed that Lott should
take nothing by this suit. Thereafter, Lott
filed a motion for partial summary judg-
ment pursuant to Tex.R.Civ.P. 166–A in

which he asserted that he was entitled to partial summary judgment as a matter of law on essentially the same grounds which were asserted in the First Amended Original Petition.

This case is similar to the case of *City of San Antonio's Firemen's and Policemen's Civil Service Commission v. Michael Villanueva*, 630 S.W.2d 661, in which this court today, handed down its decision. In *Villanueva*, we affirmed a summary judgment restoring Villanueva to his former classified position of patrolman, reimbursing him for all of his lost back pay, and awarding him attorney's fees. While there are some factual differences in the cases, the basic contention of the parties and the controlling question in both cases are the same. In *Villanueva* we held that the Police Chief failed to comply with the mandatory prerequisite procedures called for in the Collective Bargaining Agreement between the City and the San Antonio Police Officers' Association prior to the time Villanueva was indefinitely suspended from his classified position in the City Police Department, and that compliance with such mandatory notice provision was essential to vest the Commission with jurisdiction over removal proceedings.

Lott relies on the same contention in this case.[1] Under the circumstances we do not deem it necessary to set forth in detail the applicable statutory proceedings and other pertinent matters that are set forth in *Villanueva*. *Villanueva* and this opinion will be published at the same time, and reference is here made to the *Villanueva* opinion for all pertinent purposes.

Lott alleged that he was entitled to partial summary judgment as a matter of law because the Chief of Police failed to follow the mandatory prerequisite procedures called for in the Collective Bargaining Agreement between the City of San Antonio and the San Antonio Police Officers' Association[2] previous to the time he indefinitely suspended plaintiff from his classified position in the San Antonio Police Department. The Commission's response to this contention stated:

(1) The Chief of Police did not fail "to follow the mandatory prerequisite procedures" called for by the Collective Bargaining Agreement between the City and the San Antonio Police Officers' Association before he indefinitely suspended plaintiff.

(2) Even if the above is not correct, the provisions of a collective bargaining agreement do not overcome the provisions of article 1269m unless the agreement specifically so provides. The agreement does not provide that failure of the Chief to give a policeman notice of contemplated disciplinary action shall render void or voidable any charges subsequently served upon such policeman or render void or voidable the Commission's order upholding such charges. Article 1269m nowhere requires that such notice be given.

After granting the Motion for Partial Summary Judgment, the court determined the reasonable amount of attorney's fees incurred by the appellee. The judgment, as entered, ordered Lott to be reinstated to his former classified position as sergeant in the San Antonio Police Department and to recover all other statutory benefits lost as a result of the suspension plus attorney's fees. This is an appeal from said judgment.

Appellant asserts in his first point of error that the trial court erred in rendering summary judgment for the appellee because:

(1) The Police Chief did not fail to comply with the Collective Bargaining Agreement in the course of suspending the appellee.

(2) Failure to adhere to the provisions of the Collective Bargaining Agreement does not render void the subsequent proceedings through which the Commission fired the appellee.

---

1. Lott relies on two other grounds, but in view of our holding herein we do not reach these grounds.

2. This agreement, as well as the notice provision in question, are the same as those addressed by this court in *City of San Antonio's Firemen's and Policemen's Civil Service Commission v. Villanueva.*

The Collective Bargaining Agreement in question here provides:

### ARTICLE XXV—DISCIPLINARY ACTIONS

A. The Chief shall have authority to demote, temporarily suspend not to exceed thirty working days, or indefinitely suspend any employee for the causes set forth in the Rules and Regulations of the Civil Service Commission for Firemen and Policemen of the City. The employee may appeal such action as provided herein.

B. Prior to any such disciplinary action, the employee shall be given notice of contemplated disciplinary action, stating the action or actions contemplated and the reasons therefor and notifying the employee that he may rebut the charges to the Chief, either orally or in writing, within a reasonable time.

C. After the notice and opportunity for rebuttal provided in the proceeding paragraph, the Chief may demote, suspend or indefinitely suspend an employee by personal service on the employee of a written statement of charges.

Appellee's affidavit establishes that the Police Chief failed to comply with the above notice provision in that he did not inform Lott of the reasons for the contemplated disciplinary action and he did not notify Lott that he would have a reasonable time to rebut the charges against him. Appellant's attempt to controvert this evidence also sets forth insufficient notice to comply with the Collective Bargaining Agreement. Although the Police Chief asserts that he told Lott that the charges were for "alleged acts committed with Mr. Goodloe" he did not state what these acts were or why such acts were grounds for the contemplated disciplinary action. In addition, the Chief did not establish that he notified Lott that he would have a reasonable time to rebut the charges. In fact, the Police Chief's affidavit establishes that Lott was not given a reasonable time before the indefinite suspension to rebut the charges to the Chief. Therefore, the evidence is uncontroverted that the Chief of Police did not comply with the notice provisions of the Collective Bargaining Agreement.

Having determined in *City of San Antonio's Firemen's & Policemen's Civil Service Commission v. Villanueva* that this notice provision is mandatory and failure to comply renders subsequent disciplinary procedures void, we find that Lott was entitled to a partial summary judgment ordering his reinstatement as a matter of law. Based upon this determination, it is not necessary to consider appellant's second and third points of error.

The judgment is affirmed.